# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PATRICK LEONARD,

  Petitioner,

Case No. 1:09-cv-056

-vs-

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

  Respondent.

## ORDER STRIKING RESPONDENT'S MOTION FOR RECONSIDERATION

This case is before the Court on Respondent's Motion for Court to Reconsider Discovery Order (Doc. No. 20).

Petitioner's Motion for Discovery (Doc. No. 18) was filed and served April 22, 2010, so Respondent's time to oppose the Motion expired on May 17, 2010, and no opposition was filed by that date.  Under S. D. Ohio Civ. R. 7.2(a)(2), failure to oppose a motion such as this is good grounds for the Court to grant it.  Because the Court had expected the Motion to be opposed as these motions often are in capital cases, the Court waited more than a week before granting it.

Respondent's Motion to Reconsider recites:

> Leonard filed a Motion for Discovery, to which Respondent did not file an opposition. The lack of filing a response was purely an oversight on Respondent's part, as counsel was not made aware of the filing, as it was lost in numerous emails, and not seen – a twenty first century "lost in the mail" excuse so to speak. While the Warden was aware of the deadline for Leonard to file, he did not raise the issue as he thought he would, in the name of professional courtesy, allow him additional time to file.

-1-

(Motion, Doc. No. 20, PageID 629.)  This paragraph is followed by ten pages of actual argument on the question whether discovery should be granted.  Nowhere in the body of the Motion to Reconsider does Respondent's counsel comply with S. D. Ohio Civ. R. 7.3.  The Motion is stricken on that basis, without prejudice to its renewal upon compliance with S. D. Ohio Civ. R. 7.3.

The Court offers the following additional observations:

1. "Lost in the mail" has never been an adequate excuse for failure to file on time, particularly from a government legal office which presumably has the resources to keep track of matters. This Court has always tried to be considerate of the difficult demands on the time of those who litigate capital cases, but failure to appropriately docket a due date is another matter. See *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380 (1993).

2. The Court does not understand the following sentence: "While the Warden was aware of the deadline for Leonard to file, he did not raise the issue as he thought he would, in the name of professional courtesy, allow him additional time to file."  Leonard's deadline to file the motion for discovery – a deadline agreed to by Respondent's counsel – was April 22, 2010, and the motion was filed on that date.  What issue is it that Respondent's counsel is claiming he didn't raise "in the name of professional courtesy"?  If the professional courtesy being referred to is Respondent's counsel's agreement to three extensions of time for Petitioner to file the Motion, the Court recognizes and appreciates that as indeed being professional courtesy.  If Respondent's counsel is suggesting that he was entitled to reciprocal professional courtesy, the Court agrees, but the courtesy must be requested; counsel must ask for the extension of time, rather than presuming it.  The Court always tried to be respectful of professional courtesies among counsel, but cannot know whether they are in

play without being notified. In this case the Court's granting of the Motion for Discovery in the absence of opposition was not in any way the result of urging by the Petitioner's counsel apart from the written Motion.

June 3, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge